**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LANARD KITCHENS,<br><br>        Plaintiff,<br><br>    v.<br><br><br>JOHN W. TYLER; JOSEPH MACHADO; KEITH FAGUNDES; JENNIFER GARCIA; and STEPHEN GIRARDOT,<br><br>        Defendants. | **1: 14-cv-299  AWI-GSA**<br><br>**FINDINGS AND RECOMMENDATIONS GRANTING LEAVE TO AMEND TWO CLAIMS AND RECOMMENDING DISMISSAL ALL OTHER CLAIMS WITHOUT LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff, Lanard Kitchens ("Plaintiff"), appearing pro se, filed the instant civil rights complaint alleging violations of 42 U.S.C. § 1983.  (Doc. 1).   Plaintiff has named John Tyler and Joseph Machado, California Highway Patrol ("CHP") Officers; Keith Fagundes, a prosecutor at the District Attorney's  Office of Kings County; Jennifer Garcia, Clerk of the Court of Kings County; and Stephen Girardot, a Kings County Public Defender as Defendants in this action ("Defendants").

///

///

# DISCUSSION

**A.     <u>Screening Standard</u>**

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim.  The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusion are not. *Id*. at 1949.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); see also *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se

pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*). Accordingly, pro se plaintiffs are afforded the benefit of any doubt. *Id*.

**B.    Plaintiff's Allegations**

Plaintiff alleges on May 9, 2010, he attempted to commit suicide by cop when CHP Officer John Tyler pulled over his vehicle during a traffic stop. Plaintiff fired three rounds at Officer Tyler as he approached the car. After the shots were fired, Plaintiff alleges that Officer Tyler retreated to his vehicle, took cover behind his patrol car, and fired ten rounds into Plaintiff's vehicle. (Doc. 1, pg. 5). Although these shots shattered Plaintiff's front and rear windshield, neither Plaintiff nor the other two occupants in his car were injured. *Id*. Plaintiff took his non-injury as "a sign from God that it wasn't his time to die" and "sped away" as Officer Tyler loaded his weapon again. (Doc. 1, pg. 4).

A chase ensued and Plaintiff was surrounded by Officer Tyler and Officer Machado. Plaintiff surrendered and allegedly told Officer Tyler that he was not trying to kill him, but that Plaintiff was trying to scare Officer Tyler so that the officer would kill him. Plaintiff alleges all of these events were recorded on Officer Tyler's "standard issued audio recording device" and proves his suicide by cop theory. (Doc. 1, pg. 6).

A trial was held in the Kings County Superior Court on February 28, 2012, and Plaintiff was convicted of attempted murder on a peace officer and was sentenced to forty years to life in prison. Plaintiff filed this lawsuit against CHP Officers Tyler and Machado; the Clerk of the Court of Kings County, Jennifer Garcia; Keith Fagundes, the prosecutor; and Stephen Giradot, his

public defender, alleging that they all engaged in illegal activity resulting in his conviction.

Specifically, Plaintiff alleges that Officer Tyler mistreated him and fabricated probable cause for executing the initial traffic stop. He contends he was arrested at 8:00 p.m. on a Friday night on May 9, 2010, and was not booked into custody until 7:00 a.m. the next day. During this time, Plaintiff alleges Officer Machado parked his patrol car outside of the County Jail and kept Plaintiff in the back seat with the engine running and the rear windows down. Plaintiff alleges he was not wearing a jacket or given a coat, and had his hands were cuffed the entire night.

While he was sitting in the patrol car, Plaintiff alleges that Officer Tyler repositioned the custom license plates on Plaintiff's car so that the registration stickers were obstructed creating probable cause for the initial traffic stop. He also contends that Officer Tyler engaged in illegal activity by creating a false police report alleging that Plaintiff engaged in a back and forth exchange of gun fire, and then the officer altered the audio records to substantiate his report. The officer allegedly presented this altered evidence at trial. In addition, Plaintiff contends that Officer Tyler erased a statement wherein Plaintiff told Officer Tyler that he was not trying to shoot the officer. Finally, Plaintiff alleges that Officer Tyler committed perjury by testifying that Plaintiff asked Officer Tyler not to shoot him at the time of his surrender, that the officer fabricated testimony that the officer suffered hearing loss as a result of the gun shots being fired close to his head, that the gun shots left gun powder residue on the officer's face, and that the officer could see Plaintiff's angry face in the rearview mirror as he approached the vehicle at the time of the stop. As a result of the above, Plaintiff alleges that he did not receive a fair trial and was wrongfully convicted and sentenced to forty years in prison.

After the trial, Plaintiff alleges that Officer Tyler's illegal acts continued because the officer removed the two audio recordings in question (Exhibits 27 and 58) from the record which prevented Plaintiff from filing an appeal or a habeas petition. Plaintiff also alleges that

prosecutor Keith Fagundez and the Court Clerk, Jennifer Garcia, acted in concert to remove the questionable exhibits from the docket.

Finally, Plaintiff contends his defense counsel Stephen Giradot failed to see him during his case, did not provide him with evidence presented at trial, and did not obtain or present evidence related to his mental health treatment at trial. Plaintiff contends that his attorney continues to hold evidence from him even after being ordered produce it. Plaintiff alleges that all of these actions constitute ineffective assistance of counsel.

As a result of all of the above, Plaintiff contends that the Defendants' actions violated due process, his access to courts, and his rights under the First, Fifth, and Fourteenth Amendments of the Constitution. Plaintiff also alleges that in addition to the above Constitutional violations, Defendant Giradot also violated his Sixth Amendment right to counsel. All of the above caused Plaintiff pain and suffering, physical injury, and emotional distress. Plaintiff seeks damages in the amount of $10,000,000.00 against each defendant, costs, and any additional relief the Court deems proper.

**C.    Analysis**

   ***1.    42 U.S.C. § 1983***

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress ...
> 42 U.S.C. § 1983.

Therefore, to state a claim under section 1983, a plaintiff must allege a deprivation of a right secured by the Constitution or other law of the United States, and must show that the alleged deprivation was committed by a person acting under color or state law. *West v. Atkins*, 487 U.S. 42 (1988). Moreover, Plaintiff must demonstrate that each defendant personally participated in

the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50; *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969.

### *2.     The Heck Doctrine*

In this instance, several of Plaintiffs' claims are barred because he is unable to challenge the lawfulness of his conviction under section 1983. Prisoners in state custody "cannot use a § 1983 action to challenge 'the fact or duration of [their] confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 489 (1973)). A habeas corpus action is the appropriate avenue for relief to invalidate their imprisonment. *Id*.

Although Plaintiff contends that he is only seeking monetary damages and not seeking relief from a criminal conviction, a § 1983 action for damages will not lie where "establishing the basis for the damages claim necessarily demonstrates the invalidity of the conviction." *Heck v. Humphrey*, 512 U.S. 477, 481-482 (1994). Here, Plaintiff's complaint alleges that he was wrongfully convicted based on the Defendants' fabrication of probable cause, the falsification of police reports, acts of perjury, tampering with and concealing evidence, as well as his defense attorney's ineffective assistance of counsel. Success in a § 1983 case addressing these claims would impugn the validity of Plaintiff's conviction. Thus, Plaintiff may not pursue a § 1983 damages for these claims until Plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 487.

Moreover, a "violation of the Sixth Amendment Right to effective assistance of counsel may constitute grounds for federal habeas corpus relief." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Therefore, a habeas corpus petition, not a § 1983 claim is the proper legal remedy for Plaintiff to pursue his ineffective assistance of counsel claims.

### *3.   Immunity for Prosecutors and Public Defenders*

Even if these claims were not barred under the Heck doctrine, Plaintiff's claims against the prosecutor and the Public Defender are not cognizable. State court prosecutors are immune from liability under 42 U.S.C. § 1983. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that prosecutors are immune from liability for damages under section 1983 ). In *Imbler v. Pachtman*, the seminal case on absolute immunity for prosecutors, the Supreme Court held that prosecutorial immunity applies when a prosecutor performs functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). More specifically, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id*; *also see Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts."). "This immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein v. Cooley*, 257 F.3d 1004, 1009 (9th Cir. 2001).

Additionally, civil rights claims under Section 1983 is also not available with regard to Stephen Girardot, because public defenders are private individuals for purposes of section 1983, and therefore do not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that public defenders performing traditional functions of representation do not act

under color of state law for purposes of civil rights actions); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003).   To the extent Plaintiff may be alleging legal malpractice by his public defender, this is a state-law claim for which "there exists no independent basis of federal jurisdiction." *See Aragon v. Federated Dept. Stores, Inc.*, 750 F.2d 1447, 1457-58 (9th Cir.1985) (finding no jurisdiction over state law malpractice claim action against law firm for mishandling of labor grievance).

### 4.     *Potential Claims*

Notwithstanding the above, the Court recommends that Plaintiff be given leave to amend two claims: 1) an access to courts claim, and 2) a Fourth Amendment Claim

#### a.     *Access to Courts*

Plaintiff alleges that Officer Tyler, Prosecutor Fagunda, and the Clerk of the Court, Jennifer Garcia, removed Exhibits 27 and 58 from the Court's docket which has prevented his ability to file an appeal or a habeas case, and he has alleged an access to courts claim.

The Supreme Court has recognized a constitutional right of access to the courts, whereby a plaintiff with a nonfrivolous legal claim has the right to bring that claim to a court of law. *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002) (noting that the Supreme Court has located the court access right in the Privileges and Immunities clause, the First Amendment petition clause, the Fifth Amendment due process clause, and the Fourteenth Amendment equal protection clause).  Denial of access to the courts claims may be "forward-looking" or "backward-looking." *Id*. at 415. In forward-looking claims, the plaintiff accuses the government of creating or maintaining some "frustrating condition," that stands between the plaintiff and "the courthouse door." *Id*. at 413. The object of the suit is to eliminate the condition, thereby allowing the plaintiff to sue on some underlying legal claim. *Id.* at 413. In backward-looking claims, such as those at issue in the instant case, the government is accused of barring the courthouse door by

concealing or destroying evidence so that the plaintiff is unable to ever obtain an adequate remedy on the underlying claim. *Id*. at 413–14.

A prisoner bringing either type of a right to access claim in a 1983 action must state actual injury if he wishes to avoid dismissal for failure to state a claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "Actual injury" may be defined as "actual prejudice with respect to contemplated or existing litigation, such as inability to meet a filing deadline or present a claim." *Id*. In order to prevail on a Section 1983 claim premised on a denial of access to courts as presented here, a Plaintiff must "demonstrate that the [alleged] cover-up violated his right of access to the courts by rendering 'any available state court remedy ineffective.'" *Delew v. Wagner*, 143 F. 3d 1219, 1222 (9th Cir. 1998) citing *Swekel v. City of River Rouge*, 119 F. 3d 1259, 1263-1264 (6th Cir. 1997). In other words, before filing an access to courts claim, a plaintiff must make some attempt to gain access to a court, and cannot merely guess that a state court remedy will be ineffective because of Defendant's actions. *Id*. at 1264.

Here, Plaintiff's complaint merely states that Defendants blocked his access to filing a habeas petition or an appeal by removing exhibits from the Court's record. (Doc. 1, at pg. 15). The complaint does not establish that Plaintiff attempted to file an appeal or habeas corpus in state court, nor does it establish how the Defendant's actions rendered the state court remedies ineffective. The complaint merely makes conclusory statements outlining Defendants' alleged culpable behavior, namely that Officer Tyler "unlawfully removed the exhibits," that Plaintiff holds Kieth Fagundez "equally responsible" for this removal, and that these actions could not have been carried out without the "active assistance of Jennifer Garcia." (Doc. 1, pg. 14-15). These allegations are not sufficient to state a claim.

If Plaintiff files an amended complaint, he is reminded that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.*"*

*Ashcroft v. Iqbal*, 129 S. Ct. at 1949,  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*.  While factual allegations are accepted as true, legal conclusion are not.  *Id*.  Any amended complaint must meet this standard.

   b.  *Fourth Amendment Claim*

In addition to the access to courts claim, it is recommended that Plaintiff be given leave to amend a Fourth Amendment Claim.  Plaintiff contends that after his arrest, he was held in the police car overnight, handcuffed, and left in the vehicle without a jacket with the windows rolled down. (Doc. 1, pg. 5).  The Ninth Circuit has held that the Fourth Amendment "sets the applicable constitutional limitations on treatment of an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable cause for an arrest."  *Pierce v. Multnomah County, Oregon*, 76 F. 3d 1032, 1043 (9th Cir. 1996); see also, *Lolli v. County of Orange*, 351 F. 3d 410, 415 (9th Cir. 2003) ("The Fourth Amendment sets the applicable constitutional limitations for considering claims of excessive force during pretrial detention).   "The reasonableness inquiry in an excessive force case is an objective one : the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intents or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989).  The improper use of handcuffs is also governed by the Fourth Amendment objectively reasonableness standard.  *Wall v. County of Orange*, 364 F. 3d 1107, 1112 (9th Cir. 2004).

In this case, Plaintiff describes an incident that may allege a Fourth Amendment claim.  However, the complaint does not currently state a cognizable claim.  Therefore, it is recommended that Plaintiff be given leave to amend this claim.  When amending this claim, Plaintiff shall identify the constitutional violation, what officer, if any, was responsible for his alleged mistreatment, and link the defendant's action to the Constitutional violation alleged.

### 5.     *Individual v. Official Capacities*

Finally, Plaintiff is further advised that in In *Will v. Michigan Department of State Police*, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983. The Supreme Court reasoned that a suit against a state official in his or her official capacity is a suit against the official's office, and as such, is no different from a suit against the state itself, which would be barred by the Eleventh Amendment. *Id*.; see also *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir.1999); *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir.1995). In addition, "the Eleventh Amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir.1988). Therefore, Plaintiff is advised that any Defendant named must be sued in his or her individual capacity, or the claim will be dismissed.

## RECOMMENDATION

Given that the above, Plaintiff has failed to state a cognizable claim under 42 U.S.C. § 1983.  However, it appears that he may be able to state a claim for access to courts and for a Fourth Amendment claim as outlined above. Accordingly, it is recommended that he be given leave to amend these two claims.  However, it is also recommended that all other claims be dismissed without leave to amend.

If Plaintiff chooses to amend the instant complaint, he shall carefully consider the standards and guidelines set forth in this order and only file an amended complaint if he believes he can allege cognizable claims.  If Plaintiff files an amended complaint, the document shall bear the case number assigned to this action and be labeled "First Amended Complaint."  Plaintiff is hereby notified that an amended complaint supercedes the original complaint, *Lacey v. Maricopa*

*County*, 693 F 3d. 896, 907, n. 1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the original complaint.  *See* Local Rule 220.

These findings and recommendations are submitted to the District Court Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1)(B).  No later than **September 15, 2014**, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  If Plaintiff files objections, the Court will rule on those objections and then set a new deadline for the filing of an amended complaint at that time.  If objections are filed, Plaintiff shall not file an amended complaint until the Court's ruling on the objections.

Alternatively, if Plaintiff does not wish to file objections, he shall file an amended complaint no later than **September 15, 2014,** that addresses the access to courts and the Fourth Amendment claims only**.**  In other words, Plaintiff shall file objections, or an amended complaint no later than **September 15, 2014**, *but not both*.

*Plaintiff is advised that failure to file objections or an amended complaint or objections consistent with the instructions contained in this order will result in dismissal of this action.*

IT IS SO ORDERED.

   Dated:   **August 8, 2014**                             **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE